## CIVIL MINUTES – GENERAL  'O'

| Case No. | 2:18-cv-3260-CAS(KSx) | Date | August 27, 2018 |
|----------|------------------------|------|------------------|
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES HEALTH AND WELFARE TRUST FUND, ET AL. V. CYPHERTECH MECHANICAL CORP., ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|-----------------|-------------|-----|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| Marija Decker | Not Present |

**Proceedings:** PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (Dkt. 14, filed July 18, 2018)

## I.  INTRODUCTION

On April 18, 2018, plaintiffs Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, Trustees of the Southern California Pipe Trades Pensioners and Surviving Spouses Health Fund, Trustees of the Southern California Pipe Trades Retirement Trust Fund, Trustees of the Southern California Pipe Trades Defined Contribution Trust Fund, Trustees of the Southern California Pipe Trades Vacation and Holiday Trust Fund, Trustees of the Southern California Pipe Trades Christmas Bonus Fund, Trustees of the Apprenticeship and Journeyman Training Trust Fund, Trustees of the Plumbers and Pipefitters National Pension Fund, and Trustees of the International Training Fund (the "Trustees"), brought this action against defendants Cyphertech Mechanical Corporation, a California corporation also doing business as "Cyper Tech Mechanical Corporation" ("Cyphertech"), and Milton Cyphert pursuant to § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, for breach of collective bargaining agreements and violations of ERISA. Dkt. 1 ("Compl.").

On June 28, 2018, plaintiffs requested the Clerk to enter default against Cyphertech and Milton Cyphert. Dkt. 12. Pursuant to plaintiffs' request, the Clerk entered default on June 29, 2018. Dkt. 13. On July 18, 2018, plaintiffs filed the instant motion for default judgment. Dkt. 14 ("Mot.").

The Court held a hearing on August 27, 2018. Having carefully reviewed the motion and plaintiffs' supporting declarations and exhibits, the Court finds and concludes as follows.

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-3260-CAS(KSx) | Date | August 27, 2018 |
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES HEALTH AND WELFARE TRUST FUND, ET AL. V. CYPHERTECH MECHANICAL CORP., ET AL. | | |

## II.    BACKGROUND

Plaintiffs are trustees of express trusts (the "Trusts") that provide pension, health and other benefits to employees in the construction industry. Mot. at 1. The Trusts were created pursuant to written agreements and declarations of trust (the "Trust Agreements") between the Southern California Pipe Trades District Council No. 16 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry ("District Council No. 16") and various employer associations in the plumbing and pipefitting industry, other councils of the United Association of Plumbers and Pipefitters, and various employer associations across the United States. Compl. ¶ 5. The Trusts are labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 186(c)(5). Id. The Trustees are "fiduciaries" to the Trusts as defined in section 3(21)(A) of ERISA. Id. ¶ 6.

### A.    Trust Agreements

Approximately July 1, 2007, Cyphertech executed a written collective bargaining agreement with District Council No. 16, in which it agreed to be bound by the Independent Master Agreement (the "Master Agreement") in effect between District Council No. 16 and the Southern California Contractors. Id. ¶ 10; Dkt. 19, Declaration of Renae Mac Donald ("Mac Donald Decl.") ¶ 12. The terms and provisions of each of the Trust Agreements are incorporated by reference into the Master Agreement. Id. Cyphertech is bound to the Trust Agreements and to the Collection Policy & Procedures (the "Collection Procedures") established by the Trustees. Compl. ¶¶ 10, 24; Mac Donald Decl. ¶ 8, 9, 12–13. The Master Agreement, Trust Agreements, and Collection Procedures are referred to as the "Agreements."

The Agreements obligate Cyphertech to prepare monthly contribution reports to the Trusts on a timely basis and to pay fringe benefit contributions on a monthly basis at specified rates for each hour worked by applicable employees. Id. ¶ 14; Mac Donald Decl. ¶¶ 14, 15. Contributions are delinquent if they are not received by the Trusts by the 15th of the month following the month in which the work was performed. Mac Donald Decl. ¶ 14.

Pursuant to the Agreements, delinquent employers who fail to timely pay contributions are required to pay the Trusts liquidated damages, prejudgment interest, late

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-3260-CAS(KSx) | Date | August 27, 2018 |
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES HEALTH AND WELFARE TRUST FUND, ET AL. V. CYPHERTECH MECHANICAL CORP., ET AL. | | |

filing fees, audit fees, attorneys' fees, and court costs. Compl. ¶¶ 23–27; Mac Donald Decl. ¶¶ 18–20, 23–24. The Agreements set liquidated damages at ten percent of the unpaid or untimely contribution, and at twenty percent if a lawsuit is filed to collect the contributions. Compl. ¶ 24; Mac Donald Decl. ¶ 18; Dkt. 16, Declaration of Ronald Chandler ("Chandler Decl.") ¶ 8. In the event of a delinquency, the Agreements also obligate Cyphertech to pay prejudgment interest on the unpaid contributions at the rate of 18 percent per annum, Mac Donald Decl. ¶ 19, late fees of $200 incurred per untimely contribution report, id. ¶ 20, and all legal and auditing fees and costs in connection to that delinquency, id. ¶¶ 21, 23.

### B. Cyphertech's Delinquent Contributions

Based on Cyphertech's monthly reports for the months October 2015 through November 2017, and on an audit of Cyphertech's payroll and related records for the period of January 1, 2013 through November 30, 2017, Cyphertech owes the Trusts $63,425.81 in fringe benefit contributions. Chandler Decl. ¶ 7; Mac Donald Decl. ¶¶ 16, 17, 19–20.

### C. Milton Cyphert's Liability

The amounts owed to the Southern California Pipe Trades Defined Contribution Fund ("DC Fund") and Southern California Pipe Trades Vacation and Holiday Trust Fund ("Vacation Fund") are employee deductions, not employer-paid contributions. Mot. at 8; Mac Donald Decl. ¶ 22. Cyphertech deducted $630.05 from its employees' wages but failed to pay that amount to the DC Fund. Mac Donald Decl. ¶ 22. Cyphertech also failed to pay $10,046.22 of deductions from its employees' wages to the Vacation Fund. Id. Plaintiffs allege that Milton Cyphert, an officer, director, controlling shareholder, and beneficial owner of Cyphertech, was responsible for the day-to-day operations of Cyphertech and made decisions about whether to pay contributions, when to pay contributions, and how to use contributions pending payment to the Trust. Mot. at 9; Compl. ¶¶ 33–34. Accordingly, plaintiffs allege that Milton Cyphert was a fiduciary of plan assets and therefore violated his fiduciary duty when he diverted employee deductions to his or Cyphertech's benefit instead of contributing the deductions to the DC Fund and Vacation Fund. Mot. at 9.

| CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-3260-CAS(KSx) | Date | August 27, 2018 |
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES HEALTH AND WELFARE TRUST FUND, ET AL. V. CYPHERTECH MECHANICAL CORP., ET AL. | | |

## III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment.  Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment."  Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).  Granting or denying a motion for default judgment is a matter within the court's discretion.  Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Entertainment, Inc. v. Elias, 2004 WL 141959, *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits.  See Eitel, 782 F.2d at 1471–72; see also Elektra, 226 F.R.D. at 392.

## IV.   DISCUSSION

Plaintiffs seek default judgment against Cyphertech and Milton Cyphert for unpaid fringe benefit contributions, liquidated damages, prejudgment interest, late filing fees, audit fees, attorneys' fees, and court costs.  Mot. at 1.

### A.     Application of the Eitel Factors

#### 1.     Risk of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered.  PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72.  Given Cyphertech and Milton Cyphert's failure to pay the contributions due, the Trustees will suffer prejudice

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-3260-CAS(KSx) | Date | August 27, 2018 |
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES HEALTH AND WELFARE TRUST FUND, ET AL. V. CYPHERTECH MECHANICAL CORP., ET AL. | | |

because they "will likely be without other recourse for recovery" if default judgment is not entered. Pepsi, 238 F. Supp. 2d at 1177; see also Bd. of Trs. of the Clerks v. Piedmont Lumber & Mill Co., No. C 10-1757 MEJ, 2010 WL 4922677, at *4 (N.D. Cal. Nov. 29, 2010) (plaintiffs would suffer prejudice in the absence of a default judgment because if the "contributions are not covered, future benefits for Plan participants and their beneficiaries may be put at risk if the Plan is underfunded."). Accordingly, the first Eitel factor weighs in favor of entering default judgment.

## 2. Sufficiency of the Complaint and the Likelihood of Success on the Merits

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merits of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover). Here, plaintiffs assert a claim against Cyphertech for breach of the Trust Agreements pursuant to ERISA §515 (29 U.S.C. § 1145) and a claim against Milton Cyphert for breach of ERISA fiduciary duties pursuant to ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), and § 403(c)(1), 29 U.S.C. § 1104(a)(1)(A).[1]

Section 515 of ERISA provides a federal cause of action against employers who fail to make timely contributions to employee benefit plans and allows plan fiduciaries to enforce obligations created under a collective bargaining agreement. Trs. of the Screen Actors Guild–Producers Pension & Health Plaintiffs v. NYCA, Inc., 572 F.3d 771, 776 (9th Cir. 2009). To state a claim pursuant to § 515, plaintiffs must allege that (1) the plans are multiemployer plans within the meaning of 29 U.S.C. § 1002(37); (2) the collective bargaining agreement obligated the employer to make employee benefit contributions; and (3) the employer failed to make the contribution payments. Bd. of Trustees of U.A. Local No. 159 Health & Welfare Tr. Fund v. RT/DT, Inc., No. C 12-

---

[1] The Complaint also included claims against Cyphertech for breach of contract and against Milton Cyphert for engaging in prohibited transactions and conversion. Plaintiffs do not seek damages under these claims in their motion for default judgment.

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:18-cv-3260-CAS(KSx) | Date | August 27, 2018 |
|---|---|---|---|
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES HEALTH AND WELFARE TRUST FUND, ET AL. V. CYPHERTECH MECHANICAL CORP., ET AL. | | |

05111 JSW, 2013 WL 2237871, at *4 (N.D. Cal. May 21, 2013). Here, plaintiffs have sufficiently alleged that (1) the Trusts qualify as multiemployer plans within the meaning of 29 U.S.C. § 1002(37); (2) the Trusts were established pursuant to a series of collective bargaining agreements between various employers and District Council No. 16 and required Cyphertech to make employee benefit contributions; and (3) Cyphertech breached those agreements as outlined above. See Compl. ¶¶ 5, 10, 14, 19–20.

Plaintiffs have also sufficiently pleaded that Milton Cyphert breached his ERISA fiduciary duties. Under ERISA, "a person is a fiduciary with respect to a plan to the extent he exercises . . . any authority or control respecting management or disposition of a [plan's] assets." 29 U.S.C. § 1002 (21)(A). Furthermore, "[a]ny control over disposition of plan money makes the person who has the control a fiduciary." IT Corp. v. General Am. Life Ins. Co., 107 F.3d 1415, 1421 (9th Cir. 1997). The fringe benefit contributions over which Milton Cyphert had control constituted "plan money" because the contributions were withdrawn or deducted from the employees' paychecks. See 29 C.F.R. § 2510.3-102(a)(2002); LoPresti v. Terwilliger, 126 F.3d 34 (2d Cir. 1997). ERISA provides that "a fiduciary shall discharge his duties with respect to a plan . . . with the care, skill, prudence, diligence . . . that a prudent man . . . would use." 29 U.S.C. § 1104(a)(1). Specifically, a fiduciary "shall discharge his duties with respect to a plan solely in the interests of the participants," id., and shall not use plan assets in any transaction with "a party in interest," nor "in his own interest or for his own account," 28 U.S.C. § 1106(a)(1), (b)(1). Plaintiffs have sufficiently alleged that Milton Cyphert was a fiduciary with respect to the DC Fund and the Vacation Fund, and that he breached his fiduciary duties when he diverted employee deductions owed to the DC Fund and the Vacation Fund to his sole, direct, and exclusive benefit, and/or to Cyphertech's sole and exclusive benefit and indirectly to his benefit. See Compl. ¶¶ 31–35.

Accordingly, the second and third Eitel factors weigh in favor of the entry of default judgment.

### 3.      Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-3260-CAS(KSx) | Date | August 27, 2018 |
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES HEALTH AND WELFARE TRUST FUND, ET AL. V. CYPHERTECH MECHANICAL CORP., ET AL. | | |

whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14–cv–09421–MMM–PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04–cv–02559–JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Here, plaintiffs request a total of $126,974.44 from Cyphertech in damages, interest, costs and fees, which is comprised of (1) $63,425.81 in unpaid contributions, (2) $12,685.19 in liquidated damages, (3) $28,659.20 in prejudgment interest, (4) $5,600.00 in late filing fees, (5) $6,229.90 in audit costs, (6) $9,561.00 in attorneys' fees, and (7) $813.34 in court costs. Mac Donald Decl. ¶¶ 16, 18, 19-20; Chandler Decl. ¶¶ 7–10; Dkt. 18, Declaration of J. Paul Moorhead ("Moorhead Decl.") ¶¶ 2, 5. Additionally, the DC Fund and Vacation Fund seek a total of $20,430.93 from Milton Cyphert, which is comprised of (1) $10,676.27 in unpaid contributions, (2) $2,135.25 in liquidated damages, (3) $4,829.90 in prejudgment interest, (4) $1,046.62 in audit costs, (5) $1,606.25 in attorneys' fees, and (6) $136.64 in court costs. Mac Donald Decl. ¶ 22; Mot. at 10.

Although this is a substantial amount of money, the amounts are authorized pursuant to the terms of the Trust Agreements. See Mac Donald Decl. ¶¶ 14–15, 18–24. In light of Cyphertech and Milton Cyphert's breach of the Trust Agreements, the Court finds that the sum of money at stake is "appropriately tailored to [Cyphertech and Milton Cyphert's] specific misconduct in failing to make timely contribution payments." RT/DT, Inc., 2013 WL 2237871, at *5. Accordingly, this factor weighs in favor of entering default judgment.

## 4.     Possibility of a Dispute Concerning a Material Fact

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177. Having defaulted, Cyphertech and Milton Cyphert have admitted all factual allegations contained in the complaint, and therefore no genuine dispute of material facts exists which would preclude granting the motion. See

| CIVIL MINUTES – GENERAL | | 'O' | |
|---|---|---|---|
| Case No. | 2:18-cv-3260-CAS(KSx) | Date | August 27, 2018 |
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES HEALTH AND WELFARE TRUST FUND, ET AL. V. CYPHERTECH MECHANICAL CORP., ET AL. | | |

Elektra, 226 F.R.D. at 393. Accordingly, this factor weighs in favor of entering default judgment.

### 5.    Possibility of Excusable Neglect

The sixth Eitel factor considers whether the defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. The possibility of excusable neglect here is remote. Defendants were both served with the summons and complaint on May 25, 2018. Dkts. 9, 10. Default was entered on June 29, 2018. Dkt. 13. Both defendants were also served with plaintiffs' motion for default judgment. Dkt. 20. Defendants have neither responded to this action nor attempted to have the default set aside. Where a defendant "[is] properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," there is little possibility of excusable neglect. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Accordingly, this factor weighs in favor of entry of default judgment.

### 6.    Policy Favoring Decisions on the Merits

Under the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. Of course, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (internal citation omitted). Rule 55(a) permits a court to decide a case before the merits are heard if a defendant fails to defend the suit. Here, Cyphertech and Milton Cyphert's failure to retain counsel and defend this action makes a decision on the merits impractical. Thus, the seventh Eitel factor does not preclude the entry of default judgment.

### 7.    Conclusion Regarding Eitel Factors

Apart from the policy favoring decisions on the merits, all of the remaining Eitel factors weigh in favor of default judgment, including the merits of plaintiffs' claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted). Therefore, weighing all of the Eitel factors, the Court finds that entry of default judgment is appropriate.

| CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-3260-CAS(KSx) | Date | August 27, 2018 |
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES HEALTH AND WELFARE TRUST FUND, ET AL. V. CYPHERTECH MECHANICAL CORP., ET AL. | | |

## B.     Relief Sought by Plaintiffs

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (internal quotation marks omitted).  The "[p]laintiff has the burden of proving damages through testimony or written affidavit."  See Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc., No. 04-02841 CW, 2005 WL 433462, at *2 (N.D. Cal. Feb. 24, 2005).  Here, plaintiffs seek a substantial amount of damages, but have provided detailed affidavits and supporting exhibits to prove up that amount.

### 1.     Unpaid Contributions

Plaintiffs seek a total $63,425.81 in unpaid fringe benefit contributions owed by Cyphertech for the period of January 1, 2013, through November 30, 2017.  Mac Donald Decl. ¶¶ 16; Chandler Decl. ¶ 7.  This amount is calculated based on monthly reports authored by Cypertech for the months of October 2015 through November 2017 and on an audit of Cyphertech's payroll and related records for the period of January 1, 2013 through November 30, 2017.  Id.  The Court finds this documentation sufficient to prove up the amount requested.

### 2.     Interest and Liquidated Damages

The Ninth Circuit has held that an award of liquidated damages pursuant to ERISA § 502(g)(2) is "mandatory and not discretionary."  Operating Eng'rs. Pension Trust v. Beck Eng'g. & Surveying Co., 746 F.2d 557, 569 (9th Cir. 1984) (citing 29 U.S.C. § 1132(g)(2)).  A plaintiff is entitled to mandatory liquidated damages if the following requirements are satisfied: (1) the fiduciary obtains a judgment in favor of the plan; (2) unpaid contributions exist at the time of the suit; and (3) the plan provides for liquidated damages.  Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989).  As previously discussed, the Trust Agreements were breached by Cyphertech; unpaid contributions were owed to the Plans when the action was filed on April 18, 2018; and the Trust Agreements provide for liquidated damages calculated at twenty percent of the total sum of contributions owed. Mac Donald Decl. ¶ 18; Chandler Decl. ¶ 18.  Accordingly, liquidated damages are mandatory.  In addition, under ERISA, plaintiffs may recover interest based on the rate set by the employee-benefit plan.  See Nw. Adm'rs, Inc. v. AD Auto. Distributors Inc.,

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-3260-CAS(KSx) | Date | August 27, 2018 |
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES HEALTH AND WELFARE TRUST FUND, ET AL. V. CYPHERTECH MECHANICAL CORP., ET AL. | | |

No. C-05-2880 SC, 2006 WL 1626940, at *5 (N.D. Cal. June 12, 2006) (citing 29 U.S.C. § 1132(g)(2)(C)(i)).

Here, plaintiffs request $12,685.19 in liquidated damages based on the unpaid contributions. Mac Donald Decl. ¶ 18; Chandler Decl. ¶ 8. The Court has calculated the correct liquidated damages amount at $12,685.16. Plaintiffs further seek prejudgment interest on the unpaid contributions, calculated at 18 percent through the date of the hearing on this motion, August 27, 2018, in the amount of $28,659.20. Mac Donald Decl. ¶ 19; Chandler Decl. ¶ 9. The Court finds that plaintiffs have sufficiently proved up the amount of liquidated damages and accrued interest. Plaintiffs are thus entitled to $41,344.36 in total liquidated damages and accrued interest.

### 3.    Fees and Costs

Plaintiffs request $5,600.00 in late filing fees, $6,229.90 in audit fees, $9,561.00 in attorneys' fees, and $813.34 in court costs pursuant to the Trust Agreements. Mac Donald Decl. ¶ 20, 21, 23, 24; Chandler Decl. ¶ 10; Moorhead Decl. ¶¶ 2–5. Local Rule 55–3 provides a default calculation of attorneys' fees in the case of a default judgment pursuant to a fixed percentage schedule. "If a party seeks a fee 'in excess of' the schedule and timely files a written request to have the fee fixed by the court, then the court must hear the request and award a 'reasonable' fee." Vogel v. Harbor Plaza Center, LLC, 893 F.3d 1152, 1159 (9th Cir. 2018). Here, plaintiffs seek a fee in excess of the schedule and request $9,561.00 in attorneys' fees.[2] See Moorhead Decl. ¶¶ 2–5. After examining plaintiffs' billing records, the Court is satisfied that the requested fees are reasonable and that the Local Rule schedule would be inadequate. Accordingly, plaintiffs are entitled to the requested fees and costs.

### 4.    Milton Cyphert's Liability

As Milton Cyphert is jointly and severally liable for all amounts owed by Cyphertech to the DC Fund and the Vacation Fund, plaintiffs request a default judgment in favor of the DC Fund and the Vacation Fund against Milton Cyphert in the amount of

---

[2] Local Rule 55–3 provides that if the judgment, exclusive of costs, exceeds $100,000, the court is to award $5,600 plus two percent of the amount over $100,000. Here, the amount of attorneys' fees calculated pursuant to this formula would be $5695.40.

| **CIVIL MINUTES – GENERAL** | | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-3260-CAS(KSx) | Date | August 27, 2018 |
| Title | TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES HEALTH AND WELFARE TRUST FUND, ET AL. V. CYPHERTECH MECHANICAL CORP., ET AL. | | |

$10,676.27 in unpaid contributions, $2,135.25 in liquidated damages, $4,829.90 in prejudgment interest, $1,046.62 in audit fees, $1,606.25 in attorneys' fees, and $136.64 in court costs. Mac Donald Decl. ¶ 22. The audit fees, attorneys' fees, and costs are the *pro rata* share of the delinquency allocable to the DC Fund and Vacation Fund.[3]

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiffs' motion for default judgment.

The Court **ORDERS** that judgment be entered in favor of plaintiffs. Defendant Cyphertech shall be liable to plaintiffs in the amount of $126,974.41, which is comprised of $63,425.81 in unpaid contributions, $12,685.16 in liquidated damages, $28,659.20 in prejudgment interest, $5,600 in late filing fees, $6,229.90 in audit costs, $9,561.00 in attorneys' fees, and $813.34 in court costs. Defendant Milton Cyphert shall be jointly and severally liable to the DC Fund and Vacation Fund in the amount of $20,430.93, which is comprised of $10,676.27 in unpaid contributions, $2,135.25 in liquidated damages, $4,829.90 in prejudgment interest, $1,046.62 in audit costs, $1,606.25 in attorneys' fees, and $136.64 in court costs.

IT IS SO ORDERED.

| | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[3] The contributions, liquidated damages, and interest sought by the DC Fund and Vacation Fund are 16.8 percent of the contributions, liquidated damages, and interest sought by all the Trusts, and accordingly 16.8 percent of the total audit fees, attorneys' fees, and court costs have been allocated to the DC Fund and Vacation Fund's claim against Milton Cyphert. Mot. at 10.